UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

v.

CROMWELL BOST,

       Defendant.

_____/

Case No. 11-cr-20034
Hon. Matthew F. Leitman

**ORDER DENYING DEFENDANT'S (1) MOTION FOR SENTENCE REDUCTION (ECF No. 48) AND (2) MOTION FOR THE APPOINTMENT OF COUNSEL (ECF No. 50)**

On December 14, 2011, a jury in this Court convicted Defendant Cromwell Bost on three counts of distribution of a controlled substance (crack cocaine), one count of possession with intent to distribute a controlled substance, and one count of being a felon in possession of a firearm. (*See* Verdict Form, ECF No. 24.) Bost was then sentenced as a career offender to a term of 210 months imprisonment. (*See* Judgment, ECF No. 28, PageID.76.)

On October 7, 2022, Bost filed a motion to reduce his sentence.[1] (*See* Mot., ECF No. 48.) Bost seeks a reduction of his sentence pursuant to 18 U.S.C. §

---

[1] Bost also filed a motion for the appointment of counsel. (See Mot., ECF No. 50.) The Court **DENIES** that motion because it is not persuaded that appointing Bost counsel in connection with his motion for resentencing is necessary or appropriate.

1

3582(c)(2). (*See id.*) That statute "allows the court to reduce a prison sentence of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Here, Bost says that (1) following his convictions, the applicable sentencing guidelines range for convictions based on the possession of crack cocaine (Guideline 2D1.1) was lowered by the Sentencing Commission and (2) as a result of that revision, he is entitled to a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2). The Court disagrees.

Bost is not entitled to a reduction in his sentence based on the revision to Guideline 2D1.1 because the Court did not sentence Bost based on that guideline. Instead, as the Government points out (*see* Gvt. Resp., ECF No. 49, PageID.996), Bost's sentencing guidelines and resulting sentence was based on a *different* guideline – Guideline 4B1.1 for career offenders. *See, e.g., United States v. Thompson*, 714 F.3d 946, 949-50 (6th Cir. 2013) (explaining that where, as here, a defendant "qualifie[s] as a career offender," then "his sentencing range was based on the career offender guidelines" and "was not 'based on' the crack cocaine guidelines"). Thus, because "neither [Bost's] applicable guideline range, nor his actual sentence was affected by the changes to the crack cocaine guidelines[,] he is not eligible for [a] reduction" in his sentence. *Id.* (affirming denial of motion for sentence reduction). *See also United States v. Fuller*, 527 F. App'x 494, 497-98 (6th

Cir. 2013) (affirming district court refusal to resentence defendant and noting that "our sister Circuits are unanimous that re-sentencing relief is unavailable to career offenders with regard to a retroactive amendment to the crack cocaine Guidelines"); *United States v. Wherry*, 518 F. App'x 434, 438-39 (6th Cir. 2013) (same).

For all of the reasons explained above, Bost's motions to reduce his sentence and for the appointment of counsel (ECF Nos. 48, 50) are **DENIED**.

**IT IS SO ORDERED**.

s/Matthew F. Leitman  
MATTHEW F. LEITMAN  
UNITED STATES DISTRICT JUDGE

Dated: October 12, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 12, 2022, by electronic means and/or ordinary mail.

s/Holly A. Ryan  
Case Manager  
(313) 234-5126

3